FILED
CLERK, U.S. DISTRICT COURT

FEB - 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN O. MADDEN,<br><br>    Petitioner,<br><br>    v.<br><br>M.D. BITER, Warden,<br><br>    Respondent. | NO. CV 11-8065-JVS (E)<br><br>ORDER ACCEPTING FINDINGS,<br><br>CONCLUSIONS AND RECOMMENDATIONS OF<br><br>UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that Judgment be entered dismissing the Petition without leave to amend, but without prejudice.

///
///
///
///

1  IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
2  the Magistrate Judge's Report and Recommendation and the Judgment
3  herein on Petitioner, and counsel for Respondent.

5  LET JUDGMENT BE ENTERED ACCORDINGLY.

7  DATED: _____2.8_____, 2012.

10  _____
    JAMES V. SELNA
    UNITED STATES DISTRICT JUDGE

```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  JONATHAN O. MADDEN,          )  NO. CV 11-8065-JVS (E)
                                 )
12            Petitioner,        )
                                 )
13       v.                      )  REPORT AND RECOMMENDATION OF
                                 )
14  M.D. BITER, Warden,          )  UNITED STATES MAGISTRATE JUDGE
                                 )
15            Respondent.        )
    _____)
16
17
18       This Report and Recommendation is submitted to the Honorable
19  James V. Selna, United States District Judge, pursuant to 28 U.S.C.
20  section 636 and General Order 05-07 of the United States District
21  Court for the Central District of California.
22
23                           PROCEEDINGS
24
25       Petitioner filed a "Petition for Writ of Habeas Corpus By a
26  Person in State Custody" on September 28, 2011.  Respondent filed an
27  Answer on December 21, 2011, asserting that the Petition is untimely
28  and unexhausted.  Petitioner filed a Reply on January 3, 2012.
```

**BACKGROUND**

An Information filed in Los Angeles County Superior Court case number KA074536 charged Petitioner with first degree robbery (Count 1), first degree burglary (Count 2), possession of a firearm with a prior felony conviction (Count 3), possession of a firearm with two prior felony convictions (Count 4), possession of ammunition (Count 5), and various enhancements (Respondent's Lodgment 4). On April 24, 2006, Petitioner signed a "Felony Advisement of Rights, Waiver and Plea Form," whereby Petitioner agreed to plead guilty or no contest to one count of first degree robbery in violation of California Penal Code section 211 and to admit certain enhancements in return for a sentence of eleven years (Respondent's Lodgment 3). In taking the plea at a hearing on April 24, 2006, the prosecutor said: "Mr. Madden, to Count 1 of the Information, a violation of section 211 of the Penal Code, first degree residential burglary, how do you plead?" (Respondent's Lodgment 2, pp. 4-5). However, Count 1 of the Information alleged first degree residential robbery, not burglary. The abstract of judgment reflects that Petitioner entered a plea to Count 1, Penal Code 211, "Robbery 1st Degree" (Respondent's Lodgment 1). The court accepted the plea and imposed an eleven year sentence (Respondent's Lodgment 2, pp. 5-7).

///
///
///
///
///
///

1   Petitioner did not appeal.[1] In a letter to the Superior Court
2   judge, dated October 4, 2006, Petitioner requested that the judge
3   advise Petitioner of the steps necessary to seek modification of his
4   sentence, and also requested a copy of the plea hearing transcript
5   (Respondent's Lodgment 5). On October 27, 2006, the Superior Court
6   ordered a copy of the plea transcript sent to Petitioner (Respondent's
7   Lodgment 6). On November 21, 2006, the Superior Court denied a
8   request from Petitioner for a copy of the transcript of Petitioner's
9   arraignment (Respondent's Lodgment 7).[2]

11   Petitioner filed a habeas corpus petition in the Superior Court
12   bearing a signature date of February 20, 2007 (Respondent's Lodgment
13   8). On March 19, 2007, the Superior Court denied the petition
14   (Respondent's Lodgment 9). On March 22, 2007, the Superior Court
15   received an undated letter from Petitioner requesting an "order to
16   show cause" why the Superior Court had denied the petition and asking
17   that the petition be forwarded to the California Attorney General

---

[1]   Petitioner alleges that he filed appeals in the California Court of Appeal in case numbers B207739 and B231998 (Petition, p. 2). However, as set forth herein, those cases were not appeals, but petitions for coram nobis (see Respondent's Lodgments 18, 25). In his post-conviction habeas petitions and coram nobis petitions, Petitioner stated that he did not file an appeal (see Respondent's Lodgments 8, 12, 14, 16, 18, 23). The Court takes judicial notice of the Court of Appeal's docket, available at www.courts.ca.gov, which does not reflect that any person named Jonathan Madden or Jonathan Dansby (the "AKA" alleged in the Information) filed any appeal from a conviction in Los Angeles County Superior Court case number KA074536. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

[2]   The record does not contain Petitioner's request for a copy of the transcript of his arraignment.

3

1  (Respondent's Lodgment 10). The Superior Court denied this request on
2  March 23, 2007 (Respondent's Lodgment 11).

4  On July 9, 2007, Petitioner filed a habeas corpus petition in the
5  California Court of Appeal, in case number B200311 (Respondent's
6  Lodgment 12). The Court of Appeal denied the petition on July 25,
7  2007 (Respondent's Lodgment 13).

9  Petitioner then filed a "Petition for Writ of Error Coram Nobis"
10 in the Superior Court, bearing a service date of March 17, 2008
11 (Respondent's Lodgment 14). The Superior Court denied the petition on
12 March 24, 2008 (Respondent's Lodgment 15). Petitioner filed another
13 "Petition for Writ of Error Coram Nobis" in the Superior Court on
14 July 3, 2008, which the Superior Court denied on July 17, 2008
15 (Respondent's Lodgments 16-17).

17 Petitioner also filed a "Petition for Writ of Error Coram Nobis"
18 in the Court of Appeal on May 12, 2008, in case number B207739
19 (Respondent's Lodgment 18). The Court of Appeal denied the petition
20 on June 4, 2008 (Respondent's Lodgment 19).

22 On March 5, 2010, Petitioner filed a letter in the Superior Court
23 requesting a sentence reduction or a reduction of the charge
24 (Respondent's Lodgment 20). The Superior Court denied the request on
25 March 5, 2010 (Respondent's Lodgment 21).

27 Petitioner sent an undated letter to the Superior Court asking
28 about the status of his "writ" (Respondent's Lodgment 22). The copy

4

1 of the letter in the record bears an unsigned notation, apparently
2 copied from an adhesive note: "No writ as of 7-16-10" (Id.).

4   On March 14, 2011, Petitioner filed another "Petition for Writ of
5 Error Coram Nobis" in the Superior Court, which the Superior Court
6 denied on that date (Respondent's Lodgments 23, 24). On April 1,
7 2011, Petitioner filed another "Petition for Writ of Error Coram
8 Nobis" in the Court of Appeal, which that court denied on April 15,
9 2011 (Respondent's Lodgments 25, 26).

11                     **PETITIONER'S CONTENTIONS**

13   Petitioner contends:

15   1. The sentencing court allegedly erred by imposing a sentence
16 for robbery rather than for burglary;

18   2. Petitioner's plea allegedly was invalid because Petitioner
19 purportedly believed he was pleading no contest to burglary, not
20 robbery; and

22   3. Petitioner's trial counsel allegedly rendered ineffective
23 assistance by assertedly failing to ensure that the plea and the
24 abstract of judgment were correct.
25 ///
26 ///
27 ///
28 ///

**DISCUSSION**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); Reese v. Baldwin, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Petitioner has the burden of demonstrating he has exhausted available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert. denied, 455 U.S. 1023 (1982); Thomas v. Swarthout, 2011 WL 6032398, at *4 (E.D. Cal. Dec. 5, 2011); Brown v. Keblis, 2011 WL 6440125, at *2 (C.D. Cal. Nov. 21, 2011), adopted, 2011 WL 6433308 (C.D. Cal. Dec. 16, 2011). State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).

Petitioner has not exhausted any of his claims. Petitioner has not yet presented to the California Supreme Court any of the claims contained in the present Petition.

Petitioner still may be able to present his unexhausted claims to the California Supreme Court. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of

1  fundamental constitutional rights.") (citations and quotations
2  omitted); see also In re Seaton, 34 Cal. 4th 193, 199, 17 Cal. Rptr.
3  3d 633, 95 P.3d 896 (2004) ("Harris does indeed allow a convicted
4  defendant to file a habeas corpus petition raising claims of
5  fundamental constitutional error even when those claims were
6  previously rejected on appeal") (emphasis omitted).

8  In certain circumstances, the Court has authority to stay a
9  "mixed" petition containing both exhausted and unexhausted claims.
10 See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133
11 (9th Cir. 2009), cert. denied, 130 S. Ct. 214 (2009). However, the
12 present Petition is not mixed; it is completely unexhausted. The
13 Court cannot stay a completely unexhausted petition. See Raspberry v.
14 Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay
15 inappropriate); Jarrar v. Barnes, 2009 WL 2394361, at *1 n.1 (E.D.
16 Cal. Aug. 4, 2009) (Kelly stay inappropriate); Tappin v. United States
17 District Court, 2008 WL 686555, at *8 (E.D. Cal. Mar. 11, 2008)
18 (same). Therefore, the Petition should be dismissed without
19 prejudice. See Guillory v. Roe, 329 F.3d 1015, 1017 (9th Cir.), cert.
20 denied, 540 U.S. 974 (2003).[3]
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

---

[3] In light of this conclusion, the Court need not, and does not, reach the issue of the timeliness of the Petition.

**RECOMMENDATION**

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) dismissing the Petition without leave to amend, but without prejudice.

DATED: January 9, 2012.

```
             /s/
    CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

If the District Judge enters judgment adverse to Petitioner, the District Judge will, at the same time, issue or deny a certificate of appealability. Within twenty (20) days of the filing of this Report and Recommendation, the parties may file written arguments regarding whether a certificate of appealability should issue.